# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SAMUEL LEE ISOM,
      Plaintiff,

v.                                               Case No. 21-C-300

PAUL KEMPER, STEPHANIE ONEIL,
CAPTAIN EDWARD JONES, MS. BONES,
and CAPTAIN VINCENT CIARA, JR.,
      Defendants.

## ORDER

Plaintiff Samuel Lee Isom, a prisoner at the Waupun Correctional Institution, filed a *pro se* complaint alleging that the defendants violated his constitutional rights. I screened the complaint and determined that it did not state an Eighth Amendment claim because the plaintiff did not allege that he was confined under conditions that placed him at a serious risk of harm or that any defendant acted with deliberate indifference. I gave the plaintiff an opportunity to file an amended complaint, which he filed on May 21. *See* ECF Nos. 9 & 10.

Under the PLRA, I must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity and must dismiss a complaint if it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(a). In determining whether the complaint states a claim, I apply the same standard that applies to dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). A claim is facially plausible when the plaintiff pleads factual content that allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this

right was acting under the color of state law. See *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 792, 798 (7th Cir. 2015). I construe *pro se* complaints liberally and hold them to a less stringent standard than those drafted by lawyers. See *Cesal*, 851 F.3d at 720.

In his amended complaint, the plaintiff reiterates his allegations that when he was confined at the Racine Correctional Institution, defendants Captain Edward Jones and Captain Vincent Ciara housed him with "infected, COVID 19 inmates" who went through his legal work and reported back to ADA Mallory Davis to attempt to product false evidence of the plaintiff contacting and breaking a no contact order.[1] The plaintiff alleges that he suffers from underlying health conditions of high blood pressure, kidney disease, and diabetes. The plaintiff says he raised this issue with defendants Warden Paul Kemper and Security Director Stephanie O'Neill, but they told him to work with Captain Jones on the issue. According to the plaintiff, after he complained about being exposed to COVID-19 inmates, the defendants sent him to the restrictive housing unit where he was isolated from the rest of the institution due to a high volume of rising COVID-19 cases. The plaintiff states that he was forced to endure "cruel and unusual punishment" from September 2020 until May 2021, and that his custody was elevated from medium to maximum. He says he had to remain in the restrictive housing unit to avoid contracting COVID-19.

For relief, the plaintiff seeks compensatory damages for the harassment and time he had to endure in the restrictive housing unit to avoid catching COVID. The plaintiff also would like to have his medium custody status returned.

The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). To demonstrate a violation of the Eighth Amendment, a prisoner must make two showings. "First, the deprivation alleged must be,

---

[1] The plaintiff clarifies he is not asking the court to intervene in any pending case related to the no contact order.

objectively, sufficiently serious." *Id.* at 834 (citation and internal quotations omitted). "For a claim . . . based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* Second, a prisoner must show that the prison official was deliberately indifferent "to inmate health or safety," *id.*, meaning that he was both aware of and disregarded "an excessive risk to inmate health or safety," *id.* at 837.

It is not clear how long the plaintiff was exposed to "infected COVID 19 inmates." And while the plaintiff says he has underlying health conditions, he does not say that exposure to COVID 19 inmates caused him any harm. The plaintiff also alleges that after he complained about the situation, he was moved to the restrictive housing unit where he was isolated from other inmates due to the rising number of COVID 19 cases. Although not entirely clear, it appears that the plaintiff was housed in the restrictive housing unit from September 2020 through May 2021 to avoid contracting COVID 19 and he says he forced to endure "cruel and unusual punishment" during this time. However, other than being isolated from other inmates, the plaintiff does not allege that he was confined under conditions that placed him at a serious risk of harm or that deprived him a basic need. Indeed, the plaintiff was isolated from other inmates in response to his complaints of being housed near them. The plaintiff has also not alleged that any defendant acted with deliberate indifference. Because the plaintiff has not alleged a constitutional violation, he fails to state a claim for relief under 42 U.S.C. § 1983.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **because the complaint fails to state a claim. The Clerk of Court shall enter final judgment accordingly.**

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

This order and judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of

appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This deadline may be extended if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within twenty-eight days of the entry of judgment. Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend either deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin, this 7th day of June, 2021.

s/ Lynn Adelman
LYNN ADELMAN
United States District Judge